# In the United States Court of Federal Claims

No. 21-1073

(Filed:  5 November 2021)

NOT FOR PUBLICATION

```
*************************************
RAMEY ALAINE CHISUM,                 *
                                     *
            Plaintiff,               *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
                                     *
*************************************
```

*Ramey A. Chisum*, *pro se*, of Kansas City, Missouri.

*Steven C. Hough*, Trial Attorney, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, *Brian M. Boynton*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for the defendant.

## ORDER

**HOLTE**, **Judge**.

## Introduction

*Pro se* plaintiff Ramey Chisum filed a complaint alleging a dozen tort, statutory, criminal, and constitutional claims against the following parties:  (1) Truman Medical Center Lakewood; (2) plaintiff's mother; (3) the United States; and (4) various state and federal government agencies.  The government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.  For the following reasons, the Court:  (1) **GRANTS** the government's motion to dismiss; (2) **DISMISSES** plaintiff's complaint; (3) **DENIES as MOOT** plaintiff's motion for summary judgment; (4) **DENIES as MOOT** plaintiff's motion for leave to file evidence out of time; (5) **DENIES** plaintiff's motion to change venue and withdraw her complaint; and (6) **DENIES as MOOT** plaintiff's motion to compel.

## I.  Background

### A.  Factual History

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))).

Plaintiff is unemployed and resides in low-income housing in Kansas City, Missouri. Pl.'s App. Proceed *In Forma Pauperis* ("Pl.'s IFP App.") at 1, ECF No. 2; Pl.'s Mot. Summ. J. ("Pl.'s MSJ") at 1, ECF No. 9. She receives "poverty level" Social Security disability and has no stable source of income. Pl.'s MSJ at 1; *see* Pl.'s IFP App. Plaintiff continues to suffer from a fractured ankle, which she broke in April 2007 due to lack of balance. Compl. at 3, ECF No. 1. Plaintiff alleges Truman Medical Center Lakewood ("Truman") committed medical malpractice by "refus[ing] to x-ray" her fractured ankle. Compl. at 3. Plaintiff also alleges Truman's staff ordered local police to transport her to Truman for an involuntary psychiatric evaluation in October 2009, amounting to unlawful imprisonment and additional "abuse." Pl.'s MSJ at 5. Truman then "escalated crimes against the plaintiff . . . by administering unnecessary harmful [p]sychiatric medication, lengthening in-patient stay to 27 days in total as well as threatening permanent residence in a long-term mental health facility." *Id.*

Plaintiff further broadly alleges "various agencies and individuals either state or federal" failed to respond to "numerous letters and emails . . . requesting assistance to reverse the damage done by Truman . . . ." *Id.* By "[r]ejecting [her] request for relief from [Truman's] malpractice[,]" plaintiff alleges the Department of Health and Human Services intimidated and harassed her. Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n MTD") at 2, ECF No. 14. Also, plaintiff claims "the United States Attorney and Missouri Attorney General have advised Truman . . . as to how to best prevent [her] from filing this lawsuit." Compl. at 4. In April 2010, plaintiff states she was again transported to Truman by local police—at the direction of Truman's staff—for another involuntary psychiatric evaluation. Pl.'s MSJ at 6. From April to June 2010, plaintiff alleges she "was court ordered to forced administration of harmful drugs including but not limited to Haloperidol . . . ." *Id.* Plaintiff claims she was, for a third time, transported to Truman by local police for an involuntary psychiatric evaluation in December 2010. *Id.* She then "was transported to the homeless community in Kansas City where she resided for over a year and a half." *Id.* Plaintiff further alleges harassment by Truman's staff during this period, which "ensur[ed] no efforts to gain and or sustain adequate employment or housing would be successful," *id.*, "[f]orcing [p]overty and [h]omelessness" upon plaintiff. Compl. at 1.

In December 2011 or January 2012, plaintiff states Truman staff again requested local police "transport plaintiff to jail interspersed with Involuntary Psychiatric Evaluations at Truman . . . ." Pl.'s MSJ at 6. Plaintiff asserts Truman's multiple involuntary psychiatric evaluations constituted "constant harassment under guise of determining the well[-]being of [her] mental status . . . ." *Id.* at 1. Despite her repeated treatment, plaintiff claims Truman staff verbally admitted she "was not in need of incarceration[,] correctional or [p]sychiatric." *Id.* at 6. In January 2012, plaintiff "applied for Section 8 Housing with Kansas City Housing and Urban

[D]evelopment," which she claims has a "maximum waiting time [of] 5 years." *Id.* at 7. Plaintiff alleges, as of 10 May 2021, she "is still on the waiting list for Section 8 housing[,] causing tens of thousands paid in unnecessary rental dues." *Id.* The delay, plaintiff argues, is "due to discrimination [by] a federal agency." Pl.'s Opp'n MTD at 2.

In addition, Plaintiff alleges a Truman physician, practicing at a different hospital, discriminated and retaliated against her by "caus[ing] oxygen deprivation to [her] baby leading to Autism . . . ." Pl.'s MSJ at 7. Plaintiff also alleges, in January 2013, a psychiatrist at Truman violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by meeting and speaking with plaintiff's mother. *Id.* In June 2014, plaintiff alleges the Social Security Administration granted disability compensation for her fractured ankle but did not provide "back-pay to the original application date"; therefore, "limit[ing] [plaintiff's] ability to sustain safe and appropriate housing." *Id.* at 8. "[D]ue to immense stress applied by the [government]," plaintiff alleges she "developed a rash . . . which subsequently increased Cerebrospinal Fluid leakage . . . leading to infection requiring . . . antibiotics for meningitis symptoms*." Id.* Plaintiff further alleges she "was forced to deliver" her second child at Truman in September 2015, resulting in "a second case of Autism for a second child due to extreme incompetence and discrimination by the [government] . . . and . . . subordinate agencies." *Id.* On 16 April 2021, an unknown person reported plaintiff to the Division of Family Services, alleging she was "an unfit mother who[se] home [contains] unsuitable living conditions . . . ." *Id.* Plaintiff claims "the reporting [is] harassment which necessitates injunction." Pl.'s MSJ at 8.

Plaintiff further alleges "years of [Truman] staff slandering [her] reputation[,]" *id.*, and "nearly 14 years of constant and inhumane treatment by [Truman s]taff." Compl. at 3. Also, she alleges the government, "through various agencies and individuals," is responsible for: making false statements about her personal hygiene and fitness as a mother, Pl.'s MSJ at 9; "vicious retaliation" and slander, *id.*; and "[m]arginalization[.]" Compl. at 1. In addition, plaintiff alleges: the government failed to uphold her First Amendment "right to petition the government without punishment," Pl.'s Opp'n MTD at 1; the Department of Education made her "children wait hours every day just to ride the bus compromising their safety," *id.* at 2; the Department of Justice refused to get involved in her civil rights claim and "is now attempting to manipulate the [C]ourt into dismissing [her] complaint," *id.*; the government committed "abusive actions" leading to the "unlawful euthanizing of [her] two dogs and cat," Pl.'s MSJ at 3; and she has "suffered due to the [government's] inefficient laws and/or regulation of laws in healthcare." Compl. at 4. Lastly, she alleges her "mother beat [her] as a baby." *Id.* at 3. To remedy her claims, plaintiff seeks: (1) a reprimand of Truman for its medical abuse; (2) to exonerate herself of punitive measures by Truman; (3) lost wages for fourteen years at $20,000 per year; (4) to cease further harassment by her mother; and (5) $790,000 in economic damages, plus an additional $1,200,000 in compensatory damages to secure relocation and as reparations for at least her pain and suffering. *See id.* at 5; Pl.'s MSJ at 2.

### B. Procedural History

Plaintiff filed her complaint on 15 March 2021. *See* Compl. Along with her case, plaintiff filed an Application to Proceed *In Forma Pauperis*. *See* Pl.'s IFP App. The government filed its Motion to Dismiss on 12 May 2021. *See* Mot. Dismiss ("Gov't MTD"),

ECF No. 7.  On 14 May 2021, plaintiff filed her Motion for Summary Judgment, which the Court stayed until it resolved the government's pending Motion to Dismiss.  *See* Pl.'s MSJ; Order, ECF No. 8.  Plaintiff filed a Motion for Leave to Submit Evidence Out of Time on 15 June 2021.  *See* Pl.'s Mot. Leave Submit Evid. Out Time ("Pl.'s MFL"), ECF No. 10.  The government responded on 21 June 2021, requesting the Court stay the deadline to respond to plaintiff's Motion for Leave, as well as any future filings.  *See* Mot. Stay Deadlines, ECF No. 11.  On 23 June 2021, the Court stayed the government's deadline to respond to plaintiff's Motion for Leave, but denied the government's request to stay any future response to any potential future filing by plaintiff.  *See* Order, ECF No. 13.

Plaintiff responded in opposition to the government's Motion to Dismiss on 23 June 2021.  *See* Pl.'s Opp'n MTD.  The government replied to plaintiff's opposition on 28 June 2021.  *See* Reply Br. Supp. Mot. Dismiss ("Gov't Reply"), ECF No. 15.  On 27 June 2021, plaintiff filed a Motion for Change of Venue directing the Court to dismiss her case due to lack of subject matter jurisdiction and transfer her case to an unspecified small claims court.  *See* Pl.'s Mot. Change Venue, ECF No. 16.  On 13 July 2021, the government responded in support of dismissing plaintiff's allegations for lack of subject matter jurisdiction, *see* Def.'s Resp. Pl.'s Mot. Change Venue ("Gov't Venue Resp.") at 1, ECF No. 17 ("We do not oppose Ms. Chisum's request to voluntarily dismiss this action." (internal citation omitted)), but also argued the Court lacks authority to transfer plaintiff's case to state court.  *See id.* ("To the extent that Ms. Chisum seeks transfer to an unspecified state small claims court, that remedy is unavailable.  The Federal transfer statute, 28 U.S.C. § 1631, 'does not permit transfer to state courts.'" (citing *Matthews v. United States*, 72 Fed. Cl. 274, 280 (2006))).  Plaintiff filed a Motion to Compel on 16 August 2021, and on 17 August 2021, the government requested the Court stay the deadline to respond to plaintiff's Motion to Compel until the Court resolved the government's pending Motion to Dismiss.  *See* Pl.'s Mot. Compel, ECF No. 18; Mot. Stay Deadline Respond Mot. Compel, ECF No. 19.  On 2 September 2021, the Court granted: (1) the government's 17 August 2021 Motion to Stay Deadline to Respond to Motion to Compel; and (2) plaintiff's Application to Proceed *In Forma Pauperis*.  *See* Order, ECF No. 20.  The Court also stayed:  (1) plaintiff's pending Motion for Change of Venue; and (2) plaintiff's pending Motion to Compel.  *Id.*

## II.  Parties' Arguments on the Government's Motion to Dismiss

### A.  Government's Arguments

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the government moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  *See* Gov't MTD at 1.  The government argues the Court lacks subject matter jurisdiction over plaintiff's claims because:  (1) plaintiff "sets forth a variety of tort claims"; (2) plaintiff "asserts claims against private persons"; and (3) plaintiff "seeks equitable relief and money damages in tort."  *Id.* at 2–3, 5.

First, the government argues plaintiff's "tort claims, including false imprisonment, defamation, and medical malpractice[,] . . . fall within the exclusive jurisdiction of the United States district courts and are beyond this Court's subject matter jurisdiction."  *Id.* at 2 (footnote omitted).  The government asserts plaintiff's response was "a conclusory assertion that 'the case

does not arise in tort,'" but "then proceed[ed] to discuss a series of tort claims that she is attempting to bring." Gov't Reply at 2. Second, the government argues "[t]he United States is the only proper defendant in this Court," but plaintiff "asserts a variety of claims against Truman and her mother." Gov't MTD at 3 (citing 28 U.S.C. § 1491 (2018)). The government states, "a 'plaintiff cannot invoke Tucker Act jurisdiction' while 'failing to assert any substantive claims against the federal government . . . .'" *Id.* at 4 (quoting *Fullard v. United States*, 78 Fed. Cl. 294, 300 (2007)). The government contends plaintiff's "complaint does not include any well-pled factual allegations plausibly 'intimat[ing] how the United States was involved in the actions alleged . . . .'" *Id.* (quoting *Taylor v. United States*, No. 08-443C, 2008 WL 4925214, at *8 (Fed. Cl. Oct. 29, 2008)). Third, "even if the Court possessed jurisdiction over [plaintiff's] claims," the government posits the Court "lacks jurisdiction to grant her requested relief." *Id.* at 5. The government states plaintiff "seeks equitable relief and money damages in tort," but this Court "'cannot award damages . . . grounded in tort rather than contract . . . .'" *Id.* (quoting *Pratt v. United States*, 50 Fed. Cl. 469, 482 (2001)).

### B. Plaintiff's Arguments

Plaintiff argues this Court has subject matter jurisdiction over her claims because: (1) "[her] case does not arise in tort"; (2) "the United States is involved"; and (3) "the crimes committed by the defendant[s] toward plaintiff raise[ a] federal question." Pl.'s Opp'n MTD at 1–2; Compl. at 4.

First, plaintiff contends her case does not arise in tort. *See* Pl.'s Opp'n MTD at 1. Despite requesting the Court find subject matter jurisdiction, however, plaintiff herself requested a "change of venue on the grounds that [her case] arises in tort . . . ." Pl.'s Mot. Change Venue at 1.

Second, plaintiff argues "the United States [is] guilty" and is "the only proper defendant accountable for the crimes committed." Pl.'s Opp'n MTD at 1–2. She asserts "every United States citizen has a constitutional right to life, liberty and the pursuit of happiness which the [government] has blatantly violated . . . ." Pl.'s MSJ at 2. Plaintiff alleges the "abusive actions of the [government] . . . unlawfully . . . caused the consequences" she faces. *Id.* at 3–4. Conversely, plaintiff later argues "the United States[] is not the proper defendant in [the] case . . . ." Pl.'s Mot. Change Venue at 1. Further, without citing any applicable law, plaintiff admits "the allegations filed against the defendant[s] . . . are not based in fact when it pertains to [the] subject matter jurisdiction of this Court whom would be 'in the interest of justice' to dismiss [plaintiff's case] entirely." *Id.*

Third, plaintiff asserts the Court has subject matter jurisdiction "because the crimes committed by the defendant[s] toward the plaintiff raises [a] federal question." Pl.'s Opp'n MTD at 2. Without citing any applicable statutory provisions, plaintiff contends: the Department of Health and Human Services' rejection of her "request for relief from malpractice" and its use of "intimidation and harassment" to prevent her from taking legal action is a federal matter; the Department of Education's compromising treatment of her "special needs children due to discrimination is a federal matter"; the "[four] tooth extractions and full dentures" and "intentionally prescribed" antibiotics which led "to gross obesity" "is a federal issu[e] raising a

federal question"; the "Department of Justice refusing to get involved in a civil rights issue" and "attempting to manipulate the Court into dismissing" her case is "a big federal issue"; being denied food stamps and other federal assistance "due to discrimination" is a federal issue; "abuse of housing allowed for pets by the" government, which led to her "dogs[,] Jack and Mason[,] being euthanized," is a federal issue; the Department of Health and Human Services' refusal to enforce its policy "of protecting [her] health" is "a federal matter and raises a huge federal question"; and a litany of physical ailments "due to improper medical care despite medicare insurance, . . . all due to discrimination" by the government, "is a federal issue raising a federal question . . . ." *Id.* at 2–3.

## III. Legal Standard of the Government's Motion to Dismiss

### A. Subject Matter Jurisdiction

In considering a motion to dismiss for lack of subject matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (per curiam) (citing RCFC 12(h)(3)).

"[T]he Court of Federal Claims, like all federal courts, is a court of limited jurisdiction." *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act,

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018). "By its express terms, therefore, the Tucker Act excludes tort claims from the Court of Federal Claims' jurisdiction." *Donnelly v. United States*, 733 F. App'x 1026, 1027 (Fed. Cir. 2018) (per curiam) (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)). "[T]he Court of Federal Claims has jurisdiction to hear certain claims brought against the United States. Its jurisdiction does not extend to suits against individuals . . . ." *Taylor v. United States*, 296 F. App'x 34, 35 (Fed. Cir. 2008). Further, this Court "lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, state prisons, or state employees." *Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014).

### B. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV. Analysis of the Court's Jurisdiction Over the Parties Named in this Case

### A. Jurisdiction Over Plaintiff's Claims Against Truman

Plaintiff alleges Truman hospital staff committed:  medical malpractice; unlawful imprisonment and abuse; unlawful administration of medication; harassment; forced poverty and homelessness; discrimination; retaliation; HIPAA violations; and slander. *See* Compl. at 1–4; Pl.'s MSJ at 5–9.

This Court's jurisdiction "is limited to suits against the United States." *McGrath v. United States*, 85 Fed. Cl. 769, 772 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). "To the extent that plaintiff states claims against private individuals or entities, the Court lacks jurisdiction over these claims." *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *see also Potter v. United States*, 124 Fed. Cl. 469, 474–75 (2015) ("[T]he Court does not possess jurisdiction to consider plaintiff's claims" asserted "against a private health care services provider . . . ."). Further, the Court "lacks jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (quoting *Weir v. United States*, 141 Fed. Cl. 169, 177 (2018) (internal quotations omitted)). This Court must dismiss all claims brought against parties other than the United States for lack of jurisdiction. *Sherwood*, 312 U.S. at 588.

Plaintiff contends Truman is "a Kansas City Hospital funded and regulated by the" government. Pl.'s MSJ at 5. Whether Truman is privately owned or government funded, this Court may only hear claims brought against the United States. *See Sherwood*, 312 U.S. at 588. Since plaintiff's claims are against a local hospital, not the United States, this Court lacks subject matter jurisdiction. *Id.*; *Mora*, 118 Fed. Cl. at 716. For these reasons, the Court grants the government's motion to dismiss as to plaintiff's claims against Truman.

### B. Jurisdiction Over Plaintiff's Claims Against Her Mother

Plaintiff claims her "mother beat [her] as a baby." Compl. at 3. Plaintiff requests her "mother no longer harass [her]." *Id.* at 5.

"When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this Court has no jurisdiction to hear those allegations." *Harvey*, 149 Fed. Cl. at 765 (citing *Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007)).  Controversaries between private parties cannot be entertained by this Court.  *See, e.g.*, *Woodson v. United States*, 89 Fed. Cl. 640, 649 (2009).  Subject matter jurisdiction "requires not only the right defendant, but the right claims, *i.e.*, claims within the Tucker Act."  *Upshaw v. United States*, 673 F. App'x 985, 987 (Fed. Cir. 2016).  "[T]ort cases are outside the jurisdiction of the Court of Federal Claims." *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993); *see also Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (per curiam) ("The Tucker Act expressly excludes from the [Court of Federal Claims'] jurisdiction tort claims against the government.").

Plaintiff's claims are directed at her mother, a private person, not the United States.  *See* Compl. at 3, 5.  This Court "is without jurisdiction of any suit brought against private parties." *See Sherwood*, 312 U.S. at 588.  Further, the nature of her tort and criminal allegations sounds fully in tort, yet "[i]t is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."  *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993).  Plaintiff herself admitted her case "arises in tort" when she requested the Court grant her motion for change of venue.  Pl.'s Mot. Change Venue at 1.  Since plaintiff's claims are against her mother, not the United States, and sound fully in tort, this Court lacks subject matter jurisdiction.  *See Shearin*, 992 F.2d at 1197; *Sherwood*, 312 U.S. at 588.  For these reasons, the Court grants the government's motion to dismiss as to plaintiff's claims against her mother.

## C.  Jurisdiction Over Plaintiff's Claims Against the United States Government

Without citing to any applicable law, plaintiff alleges a variety of tort, statutory, criminal, and constitutional claims against the United States including:  discrimination; harassment; causing pain and suffering; failure to uphold First Amendment rights; civil rights violations; slander; abuse; failure to respond; and inefficient regulation of laws in healthcare.  *See* Compl.; Pl.'s MSJ.

"It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."  *Shearin*, 992 F.2d at 1197.  This Court cannot hear claims sounding in tort.  *Montano Elec. Contr. v. United States*, 610 F. App'x 987, 990 (Fed. Cir. 2015).  Plaintiff seeks remedy against the United States for various claims sounding in tort, namely abuse, slander, and causing pain and suffering.  *See* Compl.; Pl.'s MSJ.  Under the Tucker Act, the Court lacks subject matter jurisdiction over plaintiff's tort claims.  § 1491(a)(1).

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of sovereign immunity by the United States "may not be inferred, but must be 'unequivocally expressed.'"  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  § 1491(a)(1).  "The Tucker [A]ct . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money

damages. . . . [T]he Act merely confers jurisdiction upon [the Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).  The Federal Circuit and a host of other circuit courts have determined HIPAA "does not create a private right of action." *Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017) (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009); *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)); *see also Agee v. United States*, 72 Fed. Cl. 284, 289–290 (2006) (dismissing plaintiff's "claims concerning violations of HIPAA because the statute does not provide for a private right of action against the [f]ederal [g]overnment.").

The Court has also "repeatedly held it has no jurisdiction over Title VII [discrimination] claims." *Taylor v. United States*, 310 F. App'x 390, 392 (Fed. Cir. 2009) ("Title VII itself specifically states that district courts have jurisdiction over claims brought under that title . . . ."). Broad allegations of failing to respond also do not provide jurisdiction to the Court because "the Due Process Clauses of the Fifth and Fourteenth Amendments . . . do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Plaintiff fails to cite any applicable law which explicitly waives the sovereign immunity of the United States.  The Tucker Act is merely a jurisdictional vehicle and does not create any substantive right enforceable against the United States.  *Testan*, 424 U.S. at 398.  Therefore, the Court does not have subject matter jurisdiction over plaintiff's cursory statutory claims, including HIPAA violations, discrimination, and failure to respond.  *See Testan*, 424 U.S. at 398; *White Mountain Apache Tribe*, 537 U.S. at 472; *Frazier*, 683 F. App'x at 940; *Agee*, 72 Fed. Cl. at 289–290; *Taylor*, 310 F. App'x at 392; *LeBlanc*, 50 F.3d at 1028.

"The Court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  "To the extent that plaintiff may be asserting claims of criminal conduct, this Court also lacks subject matter jurisdiction to adjudicate such claims." *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019). Plaintiff alleges various criminal violations against the United States, including harassment, abuse, and causing pain and suffering, *see* Compl.; Pl.'s MSJ.; therefore, the Court lacks subject matter jurisdiction over plaintiff's criminal claims.  *See Joshua*, 17 F.3d at 379; *Johnson*, 144 Fed. Cl. at 582.

The Court "does not have jurisdiction to adjudicate claims arising under the First Amendment because it is not [a] money-mandating provision of the Constitution." *Jiron v. United States*, 118 Fed. Cl. 190, 199 (2019); *see also United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money.").  Further, "only federal district courts possess jurisdiction to entertain claims alleging civil rights violations." *Zainulabeddin v. United States*, 138 Fed. Cl. 492, 504 (2018); *see also Drake v United* States, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations . . . ."); *Jones v. United States*, 104 Fed. Cl. 92, 98 (2012) (explaining the Court has no jurisdiction over claims based on alleged "violations of . . . civil rights").  Plaintiff alleges the government violated her civil rights and failed to uphold her First Amendment right to petition the government without punishment. *See* Pl.'s MSJ at 1; Pl.'s Opp'n MTD at 1.  The Court does not have subject matter jurisdiction over plaintiff's First Amendment or civil rights claims.

*Jiron*, 118 Fed. Cl. at 199; *Connolly*, 716 F.2d at 886–87; *Drake*, 792 F. App'x at 920; *Zainulabeddin*, 138 Fed. Cl. at 504.

The Court "does not have authority to exercise general federal question jurisdiction under 28 U.S.C. § 1331." *Tchakarski v. United States*, 69 Fed. Cl. 218, 221 (2005); *see Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) ("Once again, the [Court of Federal Claims] correctly held that it lacks the general federal question jurisdiction of the district courts . . . ."). "As this Court has observed, '[§ 1331] cannot satisfy the Court of Federal Claims money-mandating requirement for jurisdiction.'" *Ross v. United States*, 122 Fed. Cl. 343, 348 (2015) (quoting *Hernandez v. United States*, 38 Fed. Cl. 532, 537–38 (1997)). Plaintiff contends many of her claims against the government are "federal issue[s]" raising "federal question[s]" which supply the Court with subject matter jurisdiction. Pl.'s Opp'n MTD at 3. The Court, however, does not have authority to exercise federal question jurisdiction over her claims, to the extent she raises a federal question. *Tchakarski*, 69, Fed. Cl. at 221; *Crocker*, 125 F.3d at 1476; *Ross*, 122 Fed. Cl. at 348. For these reasons, the Court grants the government's motion to dismiss as to her claims against the United States.

### D. Jurisdiction Over Plaintiff's Claims Against Various State and Federal Government Agencies and Officials

Plaintiff alleges discrimination, failure to respond, harassment and intimidation, forced poverty and homelessness, marginalization, retaliation and slander, and preventing her from filing this lawsuit against the following state and federal government agencies and officials: the Department of Health and Human Services; Kansas City Housing and Urban Development; the Social Security Administration; the Department of Education; the Department of Justice; and the United States Attorney and Missouri Attorney General. *See* Pl.'s Opp'n MTD at 2; Pl.'s MSJ at 8; Compl. at 4.

"[T]he Court of Federal Claims [has] jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Additionally, "[t]he [C]ourt lacks jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Harvey*, 149 Fed. Cl. at 765 (quoting *Weir*, 141 Fed. Cl. at 177) (internal quotations omitted). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." § 1491(a)(1). "The Tucker [A]ct . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the Court of Federal Claims] whenever the substantive right exists." *Testan*, 424 U.S. at 398.

Plaintiff alleges violations by "various agencies and individuals either state or federal," but fails to cite any applicable provision which explicitly waives the sovereign immunity of the United States. Pl.'s MSJ at 5. Plaintiff also contends the conduct of various agencies and individuals raises a federal question, thereby qualifying her case for subject matter jurisdiction. *See* Pl.'s Opp'n MTD at 3. The Court lacks jurisdiction over the agencies and individuals; therefore, the Court lacks subject matter jurisdiction over her claims against them. *Brown*, 105

F.3d at 624; *Harvey*, 149 Fed. Cl. at 765.  Plaintiff's assertions of federal questions do not supply the Court with the subject matter jurisdiction her claims require.  *See Tchakarski*, 69, Fed. Cl. at 221; *Crocker*, 125 F.3d at 1476; *Ross*, 122 Fed. Cl. at 348.  For these reasons, the Court grants the government's motion to dismiss as to all state and federal agencies and officials.

## V.  Venue Transfer

The Court finds it lacks subject matter jurisdiction over all of plaintiff's claims.  When the Court finds it lacks jurisdiction over a suit, it must, in the interest of justice, consider a transfer of the action.  *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005).

The federal transfer statute provides:  "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . ."  28 U.S.C. § 1631 (2018).  The word "courts" is defined as "the courts of appeals and district courts of the United States."  28 U.S.C. § 610 (2018); *see Dalton v. Sw. Marine*, 120 F.3d 1249, 1250 (Fed. Cir. 1997).  Accordingly, transfer from the Court of Federal Claims to state court is impermissible.  § 610; *Dalton*, 120 F.3d at 1250; *Matthews*, 72 Fed. Cl. at 280.

Plaintiff motioned for this Court to transfer her case on the grounds this case "arises in tort[,] contains no federal question, [and] the proper defendant of this [C]ourt, the United States, is not the proper defendant in [this] case . . . ."  Pl.'s Mot. Change Venue at 1.  Plaintiff states "[t]he U.S. or State Supreme Courts[ and] U.S. District Courts[] are of no help in the plaintiff's goal for compensation . . . , [so] small claims [court] would be a better fit for litigation . . . ."  *Id.*  Plaintiff further states she decided to "forgo any and all litigation against the United States, Truman Medical Center[] and [her mother] in favor of closure."  *Id.* at 2.

In response to plaintiff's motion, the Government asserts:  "[t]o the extent that Ms. Chisum seeks transfer to an unspecified state small claims court, that remedy is unavailable.  The Federal transfer statute, 28 U.S.C. § 1631, 'does not permit transfer to state courts.'"  Gov't Venue Resp. at 1 (citing *Matthews*, 72 Fed. Cl. at 280).  Transfer would be inappropriate, as the government contends, "because Ms. Chisum now intends to pursue claims 'against private institutions or individuals' who are not parties to this action[,] rather than against the United States."  *Id.* (quoting Pl.'s Mot. Change Venue at 1).

Plaintiff's request to transfer this case to state small claims court is "not permit[ted]" by the Court under the federal transfer statute; therefore, it must be denied.  *Matthews*, 72 Fed. Cl. at 280; *see* §§ 610, 1631; *Dalton*, 120 F.3d at 1250.  Additionally, it is not clear who are the "private institutions or individuals" plaintiff intends to file suit against if she decided to "forgo any and all litigation against the United States, Truman Medical Center[,] and [her mother] in favor of closure."  Pl.'s Mot. Change Venue at 1–2.  Even if the Court could identify the private institutions or individuals plaintiff intends to file suit against, they are not parties to this action.  Accordingly, the Court cannot even begin to identify which "court . . . [this] action . . . could

have been brought [in] at the time it was filed . . . ."  § 1631.  For these reasons, the Court declines to transfer this case.  *Id.*; § 610; *Dalton*, 120 F.3d at 1250; *Matthews*, 72 Fed. Cl. at 280.

## VI.  Conclusion

The Court has considered all of plaintiff's arguments.  To the extent not discussed specifically herein, plaintiff's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court.  Plaintiff fails to establish subject matter jurisdiction.  The Court:  (1) **GRANTS** the government's motion to dismiss; (2) **DISMISSES** plaintiff's complaint; (3) **DENIES as MOOT** plaintiff's motion for summary judgment; (4) **DENIES as MOOT** plaintiff's motion for leave to file evidence out of time; (5) **DENIES** plaintiff's motion to change venue and withdraw her complaint; and (6) **DENIES as MOOT** plaintiff's motion to compel.  The Clerk is directed to **DISMISS** the case.

**IT IS SO ORDERED.**

<u>s/ Ryan T. Holte</u>
RYAN T. HOLTE
Judge

- 12 -